**Debi Faye CHALIK, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2010–SC–000277–KB.

Supreme Court of Kentucky.

June 17, 2010.

### OPINION AND ORDER

Debi Chalik moves this Court to enter an order imposing a Public Reprimand. In response, the Kentucky Bar Association (KBA) agrees with the requested sanction. Chalik, whose KBA member number is 88376 and whose bar roster address is 10063 NW 1st Court, Plantation, Florida 33324, was admitted to practice law in this Commonwealth on October 23, 2000.

This disciplinary matter arises from a newspaper advertisement that Chalik placed in the *Lexington Herald–Leader* shortly after the Comair 5191 disaster in 2006. Due to adverse publicity surrounding the advertisement and similar advertisements by other attorneys, Chalik immediately pulled the advertisement; it ran only one day.

Nevertheless, the KBA Inquiry Commission issued a four-count charge against Chalik based on the advertisement. While two of the counts were based on rules prohibiting direct solicitation of a client within thirty days of a disaster, these counts were ultimately dismissed upon the KBA's agreement with Chalik's response that a newspaper advertisement is not the type of direct solicitation contemplated by the Rules. Another count alleged that the advertisement was false or misleading. The KBA agreed that this count, too, should be dismissed, upon Chalik's submission of factual support for the assertion made in the advertisement concerning Chalik's access to airplane experts and that her family business involved the building of airports and air traffic control equipment. The remaining count concerned Chalik's failure to timely submit a copy of the advertisement, along with the required fee, to the KBA. Although Chalik faxed a copy to the KBA on the same day that it was submitted to the newspaper, she did not tender the filing fee until the following day when she mailed the KBA a copy of the advertisement. Kentucky Supreme Court Rule 3.130–7.05(2) requires that submission of the advertisement to the KBA, accompanied by the filing fee, "shall occur no later than the publication of the advertisement." Movant admits to a violation of SCR 3.130–7.05(2) and moves this Court for a Public Reprimand. The KBA agrees that this is an appropriate sanction and, upon consideration of the record, we approve of and impose the negotiated sanction.

Accordingly, it is hereby ORDERED that:

1. Debi F. Chalik is publicly reprimanded for her violation of SCR 3.130–7.05(2).

2. In accordance with SCR 3.450, Chalik is directed to pay all costs associated with these disciplinary proceedings against her, said sum being $35.38, and for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: June 17, 2010.

/s/ John D. Minton Jr.
Chief Justice